1  Gary A. Wolensky (Bar No.: 154041)
   gwolensky@buchalter.com
2  Michael A. Preciado (Bar No.: 295183)
   mpreciado@buchalter.com
3  Bree Oswald (Bar No.: 314614)
   boswald@buchalter.com
4  **BUCHALTER**
   A Professional Corporation
5  18400 Von Karman Avenue, Suite 800
   Irvine, CA  92612-0514
6  Telephone: 949.760.1121
   Fax: 949.720.0182
7
   Attorneys for Defendant TESLA, INC.
8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. a Delaware Corporation, dba TESLA MOTORS, INC. and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No. _____<br><br>[Originally Filed in San Joaquin County Superior Court, Case No. STK-CV-UPL-2022-0001113]<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(a), 1441(a), AND 1446(a) (DIVERSITY JURISDICTION)**<br><br>Date Filed: February 14, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Tesla, Inc. ("Tesla") hereby removes the above-entitled action from the San Joaquin County Superior Court of the State of California ("State Court"), where the above-entitled action (the "Action") was filed, to the United States District Court for the Eastern District of California.

/ / /

/ / /

/ / /

/ / /

## I.

## **TIMELINESS OF REMOVAL**

1. On February 14, 2022, Plaintiff Natalie P. Sare, as the personal representative of the Estate of Gary Pete Marchi ("Plaintiff"), commenced the Action in the State Court by filing her Complaint ("Complaint") entitled *Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi v. Tesla, Inc. a Delaware Corporation, dba Tesla Motors, Inc. and Does 1 to 25, inclusive*, Superior Court of California for the County of San Joaquin, Case No. STK-CV-UPL-2022-0001113. (*See* the Declaration of Michael A. Preciado ("Preciado Decl."), ¶ 2, Ex. A [Compl.]). The Complaint alleges four causes of action against Tesla for (1) strict products liability—manufacturing defect, (2) strict products liability—design defect, (3) negligence, and (4) negligence—failure to recall.

2. Plaintiff effectuated service of the Summons and Complaint on Tesla on February 25, 2022. (Preciado Decl., ¶ 2, Ex. A [Compl.]). Tesla is the only defendant named in the Complaint, and the only defendant to have been served with the Summons and Complaint in the Action. (*Id.*, ¶ 4, Ex. C [State Ct. Dkt.]).

3. Because Tesla files this Notice of Removal within 30 days of the date of service of the Summons and Complaint, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## II.

## **VENUE**

4. Pursuant to 28 U.S.C. § 1441(a) and 1446(b), venue is proper in the Eastern District. This action was originally filed in the Superior Court of the State of California, County of San Joaquin. (Preciado Decl., ¶ 2, Ex. A [Compl.]).

## III.

## **DIVERSITY JURISDICTION**

5. This is a civil action over which this Court has original jurisdiction, and one in which Tesla may remove to this Court pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and

costs, and is between citizens of different states, as explained further below.

6. **Citizenship of Parties**. The parties in this case are an individual and a corporation. For diversity purposes, a natural person is a "citizen" of the state where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Coury v. Prot*, 85 F.3d 244, 249-250 (5th Cir. 1996). Here, Plaintiff is a resident of San Mateo County in the State of California. (Preciado Decl., ¶ 2, Ex. A [Compl., ¶ 1]).

7. Defendant Tesla is a corporation. A corporation is a "citizen" in both the state in which it was incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). Tesla is a Delaware Corporation and—as of December 1, 2021—its principal place of business is located at 1 Tesla Road, Austin, Texas 78725. (Preciado Decl., ¶ 6.).

8. Plaintiff also named Doe defendants in the Complaint. However, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

9. **Amount in Controversy Exceeds $75,000**. Diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Here, Plaintiff seeks economic and noneconomic damages pursuant to California's wrongful death statute, California Code of Civil Procedure section 377.61. Under California law, Plaintiff may seek economic damages for the loss of the decedent's financial support, loss of the gifts or benefits that the decedent was expected to provide Plaintiff, and funeral and burial expenses; and Plaintiff may seek noneconomic damages for the loss of the decedent's love, companionship, care, assistance (etc.), and the loss of decedent's training and guidance. (CACI Jury Instr. No. 3291—Wrongful Death Damages). Plaintiff also seeks damages in terms of interest, for costs of the suit, and any relief that the Court may find proper. (Preciado Decl., ¶ 2, Ex. A [Compl., at pg. 7]).

10. On March 15, 2022, Plaintiff served Tesla with a Statement of Damages. (Preciado

Decl., ¶ 5, Ex. D [SOD]). Plaintiff's Statement of Damages seeks $5,000,000.00 for "pain, suffering, and inconvenience," and $3,000,000.00 for "loss of future earning capacity (present value)." *Id.* In total, Plaintiff's Statement of Damages states that Plaintiff seeks **$8,000,000.00** in general and special damages. *Id.*

11. Based on Plaintiff's Complaint and Statement of Damages, the amount in controversy exceeds the jurisdictional amount of $75,000. *Compare* 28 U.S.C. § 1446(c)(2)(A)(ii) ("the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a monetary judgment, but the State practice either does not permit demand for a specific sum . . .") *with* Cal. Code Civ. Proc. § 425.10(b) (". . . where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated . . ."); *see also* 28 U.S.C. § 1446(c)(2)(B) (the amount in controversy requirement is satisfied "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."); *Arias v. Residence Inn by Marriot*, 936 F.3d 920 (9th Cir. 2019) (reiterating that a "notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.").

## IV.

## **PROCEDURAL STATEMENT**

12. Pursuant to 28 U.S.C. § 1446(d), Notice of this Removal will be promptly served on counsel of record for Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Joaquin, as required by law.

13. Tesla filed its answer in state court on March 22, 2022. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other papers received by Tesla to date are attached to this Notice of Removal. (Preciado Decl., ¶¶ 2, 3, Exs. A [Comp.] and B [Answer]).

14. No previous Notice of Removal has been filed in this Action.

15. Tesla reserves the right to amend or supplement this Notice of Removal.

16. By filing this Notice of Removal, Tesla does not waive, either expressly or impliedly, its rights to assert any defense which it could have asserted in the Superior Court of the State of California for the County of San Joaquin. If any question arises as to the propriety of the

removal of this action, Tesla respectfully requests an opportunity to present a brief, additional evidence, and oral argument on this issue.

## V.

## **CONCLUSION**

17. For the foregoing reasons, this Court has jurisdiction over the instant action under the provisions of 28 U.S.C. § 1332(a) because the action involves a controversy that exceeds the value of $75,000, exclusive of interest and costs, and because complete diversity exists between Plaintiff and Tesla. Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Tesla respectfully requests that the Court assume jurisdiction over this action.

DATED: March 24, 2022

BUCHALTER
A Professional Corporation


By: */s/ Michael A. Preciado*
    GARY A. WOLENSKY
    MICHAEL A. PRECIADO
    BREE OSWALD
    Attorneys for Defendant
    TESLA, INC.