1  Gary A. Wolensky (Bar No.: 154041)
   *gwolensky@buchalter.com*
2  Michael A. Preciado (Bar No.: 295183)
   *mpreciado@buchalter.com*
3  Bree Oswald (Bar No.: 314614)
   *boswald@buchalter.com*
4  **BUCHALTER**
   A Professional Corporation
5  18400 Von Karman Avenue, Suite 800
   Irvine, CA  92612-0514
6  Telephone: 949.760.1121
   Fax: 949.720.0182
7
   Attorneys for Defendant TESLA, INC.
8

9            **UNITED STATES DISTRICT COURT**

10           **EASTERN DISTRICT OF CALIFORNIA**

11 NATALIE P. SARE, Personal Representative of     Case No. _____
   the ESTATE OF GARY PETE MARCHI,
12                                                 **DECLARATION OF MICHAEL A.**
               Plaintiff,                          **PRECIADO IN SUPPORT OF**
13                                                 **DEFENDANT TESLA, INC.'S NOTICE OF**
           vs.                                     **REMOVAL OF CIVIL ACTION TO**
14                                                 **FEDERAL COURT UNDER 28 U.S.C. §§**
   TESLA, INC. a Delaware Corporation, dba         **1332(a), 1441(a), 1446(a) (DIVERSITY**
15 TESLA MOTORS, INC. and DOES 1 to 25,            **JURISDICTION)**
   inclusive,
16                                                 Date Filed:  February 14, 2022
               Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MICHAEL A. PRECIADO

I, Michael A. Preciado, declare as follows:

1.     I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Eastern District of California. I am an attorney at Buchalter, attorneys of record for Defendant Tesla, Inc. ("Tesla"). This declaration is offered in support of Tesla's Notice of Removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(a) (hereinafter the "Notice of Removal"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.

2.     Tesla was served with a copy of Plaintiff Natalie P. Sare's ("Plaintiff") Summons and Complaint on February 25, 2022. Attached as **Exhibit A** is a true and correct copy of Plaintiff's Summons and Complaint.

3.     On March 22, 2022, Tesla answered Plaintiff's Complaint in state court. Attached as **Exhibit B** is a true and correct copy of Tesla's Answer to Plaintiff's Complaint. At the time of this filing, I could not obtain a conformed copy of Tesla's Answer due to processing delays at the San Joaquin Superior Court.

4.     On March 22, 2022 at approximately 9:51 a.m., my legal assistant, Kathie Craig, accessed the state court docket for this matter and emailed me a copy of the state court docket. Attached as **Exhibit C** is a true and correct copy of the state court docket for this matter as of March 22, 2022.

5.     On March 15, 2022, Plaintiff served Tesla was a State of Damages. Attached as **Exhibit D** is a true and correct copy of Plaintiff's Statement of Damages.

6.     Tesla is a Delaware Corporation and—as of December 1, 2021—its principal place of business is located at 1 Tesla Road, Austin, Texas 78725.

/ / /

/ / /

/ / /

/ / /

1       I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3       Executed on this 24th day of March, 2022 at Irvine, California.

4

5               */s/ Michael A. Preciado*
                Michael A. Preciado

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

DECLARATION OF MICHAEL A. PRECIADO                                    Case No. _____

BN 69096908v1

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
02/25/2022
CT Log Number 541122113

| | |
|---|---|
| **TO:** | Legal Department<br>TESLA, INC.<br>901 PAGE AVE<br>FREMONT, CA 94538-7341 |
| **RE:** | **Process Served in California** |
| **FOR:** | Tesla, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, ATTACHMENT(S), STATEMENT, ORDER |
| **COURT/AGENCY:** | San Joaquin County - Superior Court - Stockton, CA<br>Case # STKCVUPL20220001113 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2019 Tesla Model 3 (VIN: 5YJ3E1EB8KF205875) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/25/2022 at 01:58 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar Days After This Summons And Legal Papers Are Served On You |
| **ATTORNEY(S) / SENDER(S):** | Jonathan A. Michaels<br>MLG, APLC<br>600 Anton Blvd., Suite 1240<br>Costa Mesa, CA 92626<br>(949) 581-6900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/26/2022, Expected Purge Date: 03/03/2022<br><br>Image SOP<br><br>Email Notification,  Legal Department  legal@tesla.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

EXHIBIT A PAGE 4

 CT Corporation

**Service of Process Transmittal**
02/25/2022
CT Log Number 541122113

**TO:**    Legal Department
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:**    **Process Served in California**

**FOR:**    Tesla, Inc.   (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / AP

EXHIBIT A PAGE 5

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                           Fri, Feb 25, 2022

**Server Name:**                    Jimmy Lizama

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | STK-CV-UPL-2022-0001113 |
| Jurisdiction | CA |



EXHIBIT A PAGE 6

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Filed **FEB 1 4 2022**

**BRANDON E. RILEY, CLERK**

By _____
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC. a Delaware Corporation, dba TESLA MOTORS, INC. and DOES 1 to 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California County of San Joaquin - Stockton Courthouse - 180 East Weber Avenue, Stockton, CA 95202

STK-CV-UPL-2022-____ 1113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Jonathan A. Michaels (SBN 180455);
Matthew Van Fleet (SBN 227338); Brent D. Rawlings (SBN 334159); MLG APLC, 600 Anton Blvd., Suite 1240, Costa Mesa, CA, 92626, 949-581-6900

| DATE: **FEB 1 4 2022** | **BRANDON E. RILEY** | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* Tesla, Inc., a Delaware Corporation, dba Tesla Motors, Inc.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

EXHIBIT A PAGE 7

1   Jonathan A. Michaels, Esq. – Bar No. 180455
    (jmichaels@mlgaplc.com)
2   Matthew Van Fleet, Esq. – Bar No. 227338
    (mvanfleet@mlgaplc.com)
3   Brent D. Rawlings, Esq. – Bar No. 334159
    (brawlings@mlgaplc.com)
4   **MLG, APLC**
    600 Anton Blvd., Suite 1240
5   Costa Mesa, CA 92626
6   Telephone: (949) 581-6900
    Facsimile: (949) 581-6908
7
    Attorneys for Plaintiff,
8   Natalie P. Sare, Personal Representative
    of the Estate of Gary Pete Marchi
9

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2022-02-14 09:45:48**
**Clerk: Irving Jimenez**

**Case Management Conference**
**08/12/2022 08:30 AM in 10C**

**STK-CV-UPL-2022-0001113**

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| 12  NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI, | Case No. |
| 14          Plaintiff, | **COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH:** |
| 15              vs. | |
| 16  TESLA, INC. a Delaware Corporation, dba TESLA MOTORS, INC. and DOES 1 to 25, inclusive, | 1. **STRICT LIABILTY – MANUFACTURING DEFECT;** |
| 18          Defendants. | 2. **STRICT LIABLITY – DESIGN DEFECT;** |
| | 3. **NEGLIGENCE; AND** |
| | 4. **NEGLIGENCE – FAILURE TO RECALL;** |
| | <u>UNLIMITED CIVIL ACTION</u> |

24                    **– JURY TRIAL DEMANDED –**

25

26

27

28

                                      1
                               **COMPLAINT**

1

**THE PARTIES**

2    1.    At all times mentioned in this Complaint, Plaintiff Sare, is and at all relevant

3   times was, an individual residing in San Mateo County in the State of California and is the

4   surviving sister of Gary Marchi.

5    2.    At all relevant times, Plaintiff Sare, was and is the Personal Representative of

6   the Estate of Marchi, and has standing to bring this claim pursuant to California Code of Civil

7   Procedure § 377.60.

8    3.    Plaintiff Sare is informed and understands that Defendant Tesla Inc., dba Tesla

9   Motors, Inc., was and is a Delaware corporation with its principal place of business in Palo

10   Alto, CA. At all times mentioned herein, Defendant Tesla was engaged in the business of

11   designing, engineering, manufacturing, testing, assembling, marketing, advertising and

12   distributing consumer automobiles.

13    4.    Plaintiff Sare is unaware of the true names of Does 1 through 25 and therefore

14   sues them by such fictitious names and will ask for leave of Court to insert their true names

15   when such have been ascertained.

16

17

**JURISDICTION**

18    5.    This Court has personal jurisdiction over Plaintiff Sare as the Plaintiff consents

19   to such jurisdiction.

20    6.    This Court has personal jurisdiction over Defendant Tesla because it is engaged

21   in the sale of consumer vehicles throughout the State of California, thus providing the Court

22   with general jurisdiction.

23

24

**VENUE**

25    7.    Venue in this county is proper under Cal. Civ. Proc. Code § 395(a). The injuries

26   giving rise to this complaint occurred in the County of San Joaquin.

27

28

2

**COMPLAINT**

1

**STATEMENT OF OPERATIVE FACTS**

2      8.    This case is about the unnecessary death of Gary Marchi. Tragically, his death

3  could have been prevented. This man lost his life because of the reckless and negligent behavior

4  of Defendant Tesla in designing and manufacturing the 2019 Tesla Model 3. This wrongful

5  death case is being brought by Plaintiff against the entity whose actions and inactions caused

6  Marchi's premature death.

7      9.    Defendant Tesla Inc., is a large manufacturer and distributor of consumer

8  automobiles, distributing millions of vehicles throughout the United States. One of the vehicles

9  that has been massively distributed by Tesla is the 2019 Tesla Model 3.

10      10.    During the year 2019, Defendant Tesla Inc. manufactured a 2019 Tesla Model 3

11  (VIN: 5YJ3E1EB8KF205875), which was purchased by Andrea Jean Meyers. At the time of

12  distributing the vehicle, Tesla Inc., repeatedly published advertisements to consumers that the

13  2019 Tesla Model 3 was safely designed and skillfully crafted.

14      11.    On or about May 14, 2020, Decedent Gary Pete Marchi was traveling eastbound

15  along Interstate 205 in a 1995 Ford F350 towing a flatbed trailer. At the same time, Ms. Meyers

16  was driving her Model 3 adjacent to Decedent Marchi. Ms. Meyers' Model 3 was in auto-pilot

17  mode.

18      12.    While both vehicles were traveling alongside each other, Ms. Meyers' Model 3

19  malfunctioned and began swerving uncontrollably. Ms. Meyers' Model 3 swerved into Mr.

20  Marchi's F350 causing front side damage to both vehicles. As Ms. Meyers attempted to regain

21  control of the vehicle, the Model 3 swerved, once again, into Mr. Marchi's F350.

22      13.    The two severe vehicle strikes caused Decedent Marchi to lose control of his

23  F350. The F350 flipped and violently rolled, resulting in the driver's side roof crushing inward

24  and collapsing internally. The collision and subsequent rolling led to Decedent Marchi's life

25  threatening injuries that proved ultimately fatal.

26      14.    As a result of the rollover event, Decedent Marchi suffered gruesome and

27  ultimately fatal injuries. Had the Model 3 operated properly, Decedent Marchi's death would

28  have been avoided.

3

**COMPLAINT**

1

2                    **FIRST CAUSE OF ACTION**

3          **STRICT LIABILITY – MANUFACTURING DEFECT**

4       **(Plaintiff Sare, Personal Representative, Against Defendant Tesla)**

5          15.    Plaintiff repeats every allegation contained in the paragraphs above and

6   incorporates such allegations herein by reference.

7          16.    Defendant Tesla designed, engineered, manufactured, tested, assembled,

8   marketed, advertised, sold and /or distributed, and performed maintenance on the 2019 Tesla

9   Model 3 purchased and driven by Ms. Meyers.

10         17.    The 2019 Tesla Model 3 driven by Ms. Meyers contained a manufacturing

11  defect when it left Defendant Tesla's possession.

12         18.    Decedent Marchi was killed by the 2019 Tesla Model 3.

13         19.    The 2019 Tesla Model 3's defect was a substantial factor in causing Decedent

14  Marchi's death.

15         20.    As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff has

16  sustained damages as reflected in the Statement of Damages served herewith, and in an amount

17  to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

18

19                   **SECOND CAUSE OF ACTION**

20            **STRICT LIABILITY – DESIGN DEFECT**

21      **(Plaintiff Sare, Personal Representative, Against Defendant Tesla)**

22         21.    Plaintiff repeats every allegation contained in the paragraphs above and

23  incorporates such allegations herein by reference.

24         22.    Defendant Tesla designed, engineered, manufactured, tested, assembled,

25  marketed, advertised and distributed the 2019 Tesla Model 3 driven by Ms. Meyers.

26         23.    The 2019 Tesla Model 3 driven by Ms. Meyers contained a design defect in the

27  following respects:

28

                                    4
                            **COMPLAINT**

1        a.    It did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

        b.    The benefits of the vehicle's design did not outweigh the risks of the design, when considering the gravity of the potential harm resulting from the use of the vehicle, the likelihood that this harm would occur, the feasibility of an alternative safer design at the time of manufacture, the cost of an alternative design, and the disadvantages of an alternative design.

24.    Decedent Marchi was killed by the 2019 Tesla Model 3.

25.    The 2019 Tesla Model 3's defect was a substantial factor in causing Decedent Marchi's death.

26.    As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

**(Plaintiff Sare, Personal Representative, Against Defendant Tesla)**

27.    Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

28.    Defendant Tesla designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2019 Tesla Model 3 driven by Ms. Meyers.

29.    Defendant Tesla was negligent in designing, engineering, manufacturing, testing, assembling, marketing, advertising and distributing the 2019 Tesla Model 3.

30.    Decedent Marchi was killed by the 2019 Tesla Model 3.

31.    Defendant Tesla's negligence was a substantial factor in causing Decedent Marchi's death.

5

**COMPLAINT**

1      32.      As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff has

2   sustained damages as reflected in the Statement of Damages served herewith, and in an amount

3   to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

4

5                                **FOURTH CAUSE OF ACTION**

6                            **NEGLIGENCE – FAILURE TO RECALL**

7              **(Plaintiff Sare, Personal Representative, Against Defendant Tesla)**

8      33.      Plaintiff repeats every allegation contained in the paragraphs above and

9   incorporates such allegations herein by reference.

10     34.      Defendant Tesla designed, engineered, manufactured, tested, assembled,

11  marketed, advertised and distributed the 2019 Tesla Model 3 driven by Ms. Meyers.

12     35.      Defendant Tesla knew or reasonably should have known that the 2019 Tesla

13  Model 3 was dangerous or was likely to be dangerous when used in a reasonably foreseeable

14  manner.

15     36.      Defendant Tesla became aware of this defect after the 2019 Tesla Model 3 was

16  distributed.

17     37.      Defendant Tesla failed to recall the 2019 Tesla Model 3.

18     38.      A reasonable manufacturer and distributor under the same or similar

19  circumstances would have recalled the 2019 Tesla Model 3.

20     39.      Decedent Marchi was killed by the 2019 Tesla Model 3.

21     40.      Defendant Tesla's failure to recall the 2019 Tesla Model 3 was a substantial

22  factor in causing Decedent Marchi's death.

23     41.      As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff has

24  sustained damages as reflected in the Statement of Damages served herewith, and in an amount

25  to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

26

27

28

EXHIBIT A PAGE 13

1

## **PRAYER FOR RELIEF**

2     **WHEREFORE,** Plaintiff prays that the Court award the following:

3       First Cause of Action

4         1.    Compensatory damages.

5       Second Cause of Action

6         1.    Compensatory damages.

7       Third Cause of Action

8         1.    Compensatory damages.

9       Fourth Cause of Action

10         1.    Compensatory damages.

11       All Causes of Action

12         1.    Costs of suit herein incurred;

13         2.    Interest as provided by law.

14         3.    For such other and further relief as the Court may deem just and

15              proper.

16

17                   **MLG, APLC**

18  Dated: February 14, 2022

19                    By: _____

                            Jonathan A. Michaels, Esq.

20                        Matthew Van Fleet, Esq.

                       Brent D. Rawlings, Esq.

21                        Attorneys for Plaintiff,

                       Natalie P. Sare, Personal Representative

22                        of the Estate of Gary Pete Marchi

23

24

25

26

27

28

7

**COMPLAINT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan A. Michaels (SBN 180455); Matthew Van Fleet (SBN 227338);<br>Brent D. Rawlings (SBN 334159)<br>MLG, APLC - 600 Anton Blvd., Suite 1240, Costa Mesa, CA 92626<br>TELEPHONE NO.: (949) 581-6900        FAX NO. *(Optional):* (949) 581-6908<br>E-MAIL ADDRESS: jmichaels@mlgaplc.com; mvanfleet@mlgaplc.com; brawlings@mlgaplc.com<br>ATTORNEY FOR *(Name):* Plaintiff, Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN | **Electronically Filed**<br>**Superior Court of California**<br>**County of San Joaquin**<br>**2022-02-14 09:45:48**<br>**Clerk: Irving Jimenez** |
|---|---|
| STREET ADDRESS: 180 East Weber Avenue | |
| MAILING ADDRESS: 180 East Weber Avenue | |
| CITY AND ZIP CODE: Stockton, California 95202 | |
| BRANCH NAME: Stockton Courthouse | |
| CASE NAME: Sare v. Tesla, Inc. | **Case Management Conference**<br>**08/12/2022 08:30 AM in 10C** |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>STK-CV-UPL-2022-0001113 |
|---|---|---|---|---|
| [x] **Unlimited** <br>(Amount demanded exceeds $25,000) | [ ] **Limited** <br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [x] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence        court
                                f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* (1) Strict Liability - Manufacturing Defect; (2) Strict Liability - Design Defect; etc.
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 14, 2022
Matthew Van Fleet, Esq.
_____     ►   _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

EXHIBIT A PAGE 15

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A PAGE 16

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UPL-2022-0001113**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 08/12/2022 | Time:  8:30 AM Department:10C |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | **Stockton** | Stockton: 209-992-5693 <br> Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.   You must:

   a.   **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

   b.   **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c.   **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d.   **Collection cases** are managed pursuant to CRC 3.740.

2.   Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.   If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.   Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 02/14/2022                                                                     Irving Jimenez  ,Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

---

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant.  Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

>   *Indicating your preference on Case Management Statement form CM-110;

>   *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or

>   *Agree to ADR at your initial Case Management Conference.

**Questions?**  Call (209) 992-5693 and ask for the ADR Clerk,
email at adr@sjcourts.org  or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.  Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court.  The most common forms of ADR are mediation and arbitration.  There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials.  It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorney's fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side.  This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases.  Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case.  The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices.  The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves.  **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program.  A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute.  Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ *Judicial Arbitration Program* (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award *and proceed to trial.*  See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ *Private Arbitration* (binding and non-binding):  Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** <br> *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐   Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in   ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:

| | | Page 1 of 5 |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**4.  b.**  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5.  Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

**6.  Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7.  Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

**8.  Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

**9.  Preference**
☐  This case is entitled to preference *(specify code section):*

**10.  Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

EXHIBIT A PAGE 22

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT A PAGE 23

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

EXHIBIT A PAGE 24

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

COURT USE ONLY

TELEPHONE NO.:                          FAX NO.:
EMAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

☐ **LODI Branch**       ☐ **MANTECA Branch**       ☐ **TRACY Branch**       ☐ **STOCKTON Branch**
315 W. Elm St.          315 E. Center St.          475 E. 10th St.          222 E. Weber Ave.
Lodi, CA 95240          Manteca, CA 95336          Tracy, CA 95376          Stockton, CA 95202

Plaintiff(s)/Petitioner(s):

Defendant(s)/Respondent(s):

CASE NUMBER:

---

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐ Voluntary Mediation                                  ☐ Other (specify):

☐ Non-Binding Judicial Arbitration CCP 1141.12         _____

☐ Binding Arbitration (private)                        _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?**   ☐ Yes      ☐ No

**Neutral's name and telephone number:** _____ /(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.   **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____
_____
_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

_____           _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent                                 Attorney or Party without attorney

_____           _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent                                 Attorney or Party without attorney

_____           _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent                                 Attorney or Party without attorney

_____           _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent                                 Attorney or Party without attorney

**IT IS SO ORDERED:  Dated:**_____     _____
                                                Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____**at** _____**a.m/p.m. in Dept. No.** _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)

# EXHIBIT B

3/22/22, 12:52 PM                                      AppFile | eFiling Portal

Note: Canceling a case will void all payments for documents associated with that case. If your order only contains one
case, the entire order will be voided.

| Order #: | Submitted: | Total: | Payment: | |
|---|---|---|---|---|
| 95935801 | 2022-03-22 | $435.00 | Paid | Back To Orders |
| Submitted | 12:55:56 | | | Cancel Order |

Preferred Location: Stockton

| Case Number | Case Order | Status | |
|---|---|---|---|
| STK-CV-UPL-2022-0001113 | 24568877 | Submitted<br>Awaiting Verification | Cancel Case |

| Document Title | Litigant(s) | File | Fee |
|---|---|---|---|
| Answer | Tesla, Inc. a Delaware Corporation, dba Tesla Motors, Inc. | 2022 0322 Tesla Answer to Complaint.pdf | $0.00 |
| First paper Unlimited Civil (amount over $25,000) | Tesla, Inc. a Delaware Corporation, dba Tesla Motors, Inc. | | $435.00 |

EXHIBIT B PAGE 27

Gary A. Wolensky (Bar No. 154041)
gwolensky@buchalter.com
Michael A. Preciado (Bar No. 295183)
mpreciado@buchalter.com
Bree Oswald (Bar No. 314614)
boswald@buchalter.com
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182

Attorneys for Defendant TESLA, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. a Delaware Corporation, dba TESLA MOTORS, INC. and DOES 1 to 25, inclusive,<br><br>Defendants. | CASE NO. STK-CV-UPL-2022-0001113<br>Assigned to Honorable Jayne Lee<br>Department: 10C<br><br>**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   February 14, 2022<br>Trial Date Set:       N/A |

Defendant Tesla, Inc. ("Tesla"), by and through its attorneys, answers the Complaint of Plaintiff Natalie P. Sare, as the personal representative of the Estate of Gary Pete Marchi ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Tesla denies each and every allegation, both specifically and generally, of each cause of action contained in the Complaint and denies that Plaintiff sustained or will sustain damages in any sum at all.

**FIRST AFFIRMATIVE DEFENSE**

1.     The Complaint, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against Tesla.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

1

Defendant Tesla, Inc.'s Answer to Complaint

BN 69351698v1

EXHIBIT B PAGE 28

**SECOND AFFIRMATIVE DEFENSE**

2.      Tesla is informed and believes and on that basis alleges that any injuries or damages sustained by Plaintiff and Plaintiff's decedent were caused or contributed to by the negligence or other wrongful conduct of persons, firms, partnerships, corporations, municipalities, or entities other than Tesla, including but not limited to any named Defendant and any unnamed Doe Defendant, and that said negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of Tesla.

**THIRD AFFIRMATIVE DEFENSE**

3.      Tesla is informed and believes and on that basis alleges that the injuries and damages sustained by Plaintiff and Plaintiff's decedent alleged in the Complaint were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Tesla is neither responsible nor liable.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Tesla is informed and believes and on that basis alleges that the injuries and damages sustained by Plaintiff and Plaintiff's decedent alleged in the Complaint were legally and proximately caused or contributed to by the negligence, fault, negligence per se, assumption of risk, and other culpable conduct of Decedent Gary Pete Marchi, and that the amount of damages, if any, that Plaintiff may recover against Tesla must be diminished in the proportion that such conduct contributed to the alleged injuries, losses, or damages sustained by Plaintiff and Plaintiff's decedent.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Tesla is informed and believes and on that basis alleges that the damages and injuries sustained by Plaintiff and Plaintiff's decedent as alleged in the Complaint were legally and proximately caused by, and arose out of, risks of which Decedent Gary Pete Marchi knew and understood.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Tesla is informed and believes and on that basis alleges that Plaintiff and Plaintiff's decedent failed to mitigate their damages, if any, in the manner and to the extent required by law.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 69351698v1

2

Defendant Tesla, Inc.'s Answer to Complaint

EXHIBIT B PAGE 29

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Tesla is informed and believes and on that basis alleges that, if there is any comparative fault attributed to individuals or entities other than Tesla, including but not limited to any named Defendant and any unnamed Doe Defendant, then California Civil Code sections 1431, et seq. provide that this percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from Tesla.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Tesla is informed and believes and on that basis alleges that Plaintiff's causes of action against Tesla are barred by the applicable statute of limitations, including the statute of limitations set forth in California Code of Civil Procedure sections 335.1, 337, and 338 or any other applicable statutes of limitation or statutes of repose.

**NINTH AFFIRMATIVE DEFENSE**

9.      Tesla is informed and believes and on that basis alleges that Plaintiff's claims against Tesla are barred by a prior settlement or release of all claims.

**TENTH AFFIRMATIVE DEFENSE**

10.      Tesla is informed and believes and on that basis alleges that Plaintiff unreasonably delayed in bringing suit against Tesla, which prejudiced Tesla, and consequently that Plaintiff's causes of action against Tesla are barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Tesla is informed and believes and on that basis alleges that by virtue of Plaintiff's actions and conduct prior to the filing of the Complaint, Plaintiff is barred from seeking or being awarded any relief herein by the doctrines of waiver or estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      Tesla is informed and believes and on that basis alleges that Plaintiff is barred from seeking or being awarded any relief herein by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.      Tesla is informed and believes and on that basis alleges that Plaintiff is barred from obtaining any recovery on the allegations in the Complaint because Tesla has abided by all

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

3

Defendant Tesla, Inc.'s Answer to Complaint

BN 69351698v1

EXHIBIT B PAGE 30

1   applicable laws, regulations, and statutes.

2                    **FOURTEENTH AFFIRMATIVE DEFENSE**

3          14.    Tesla is informed and believes and on that basis alleges that Plaintiff's claims

4   against Tesla are preempted, in whole or in part, by federal law.

5                     **FIFTEENTH AFFIRMATIVE DEFENSE**

6          15.    Tesla is informed and believes and on that basis alleges that Plaintiff is precluded

7   from proceeding against Tesla by reason of her negligent or otherwise wrongful failure to preserve

8   or to cause others to preserve evidence relating to the accident that forms the subject matter of this

9   action, including but not limited to the vehicle described in the Complaint, a certain 2019 Tesla

10  Model 3 ("the Vehicle") and its component parts.

11                    **SIXTEENTH AFFIRMATIVE DEFENSE**

12         16.    Tesla is informed and believes and on that basis alleges that it will not be able to

13  defend this action or, alternatively, that its defense has been substantially interfered with because

14  of the loss, alteration, destruction, or failure to preserve evidence involved in this action including,

15  but not limited to, the Vehicle or its component parts.

16                   **SEVENTEENTH AFFIRMATIVE DEFENSE**

17         17.    Tesla is informed and believes and on that basis alleges that the damages and injuries

18  alleged in the Complaint were legally and proximately caused by the alteration or modification of

19  the Vehicle or its component parts.

20                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

21         18.    Tesla is informed and believes and on that basis alleges that the damages and injuries

22  alleged in the Complaint were legally and proximately caused by the unforeseeable misuse of the

23  Vehicle or its component parts.

24                    **NINETEENTH AFFIRMATIVE DEFENSE**

25         19.    Tesla is informed and believes and on that basis alleges that the damages and injuries

26  alleged in the Complaint were legally and proximately caused by, and arose out of, risks that were

27  outweighed by the benefits of the Vehicle's design.

28  / / /

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 69351698v1

4

Defendant Tesla, Inc.'s Answer to Complaint

EXHIBIT B PAGE 31

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Tesla discharged its duty to warn, if any, concerning the Vehicle or its component parts by providing adequate warnings and instructions to persons in the chain of distribution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Tesla is informed and believes and on that basis alleges that Tesla had no duty to issue a recall related to the Vehicle given the circumstances and facts alleged in Plaintiff's Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Tesla reserves the right to amend its answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Tesla prays as follows:

1.     For dismissal of the Complaint with prejudice;

2.     For a judgment in favor of Tesla and against Plaintiff;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Tesla hereby demands a trial by jury.

DATED:  March 22, 2022                              BUCHALTER
                                                                   A Professional Corporation


                                                        By: _____
                                                                GARY A. WOLENSKY
                                                                MICHAEL A. PRECIADO
                                                                BREE OSWALD
                                                                Attorneys for Defendant
                                                                TESLA, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 69351698v1

5

Defendant Tesla, Inc.'s Answer to Complaint

EXHIBIT B PAGE 32

1

**PROOF OF SERVICE**

2

*Natalie P. Sare, A Personal Representative of the Estate of Gary Pete Marchi v. Tesla, Inc.*
*San Joaquin Superior Court – Case No. STK-CV-UPL-2022-0001113*

3

4

     I am employed in the County of Orange, State of California.  I am over the age of 18 and

not a party to the within action.  My business address is at BUCHALTER, A Professional

5

Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612-0514.

6

     On the date set forth below, I served the foregoing document described as:

7

8

**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL**

9

on all other parties and/or their attorney(s) of record to this action by ☐ faxing and/or

10

☒ placing a true copy thereof in a sealed envelope as follows:

11

Jonathan A. Michaels, Esq.             Attorneys for Plaintiff
Matthew Van Fleet, Esq.

12

Brent D. Rawlings, Esq.               Telephone: (949) 581-6900
**MLG, APLC**                        Facsimile:  (949) 581-6908

13

600 Anton Blvd., Suite 1240          E-mail: jmichaels@mlgaplc.com
Costa Mesa, CA 92626                 mvanfleet@mlgaplc.com

14

                                        brawlings@mlgaplc.com

15

☑    **BY MAIL**   I am readily familiar with the business' practice for collection and
processing of correspondence for mailing with the United States Postal Service. The address(es)

16

shown above is(are) the same as shown on the envelope.  The envelope was placed for deposit in
the United States Postal Service at Buchalter in Irvine, California on **March 22, 2022.**  The

17

envelope was sealed and placed for collection and mailing with first-class prepaid postage on this
date following ordinary business practices.

18

☐    **BY FACSIMILE AND MAIL**   I caused the above-named document(s) to be sent via

19

facsimile transmission to the law office(s) and facsimile number(s) stated above.  The
transmission was reported as complete and without error.   A copy of the transmission report(s)

20

properly issued by one or more of Buchalter's Xerox 745 WorkCenter facsimile machine(s)
[telephone number(s): (949) 720-0182 is(are) made a part of this proof of service pursuant to

21

CRC §2.306.  I am readily familiar with the business' practice for collection and processing of
correspondence for mailing with the United States Postal Service.  The correspondence will be

22

deposited in an envelope with the United States Postal Service this day in the ordinary course of
business for mailing to the address(es) shown above.  The envelope was sealed and placed for

23

collection and mailing with the United States Postal Service at Buchalter in Irvine, California on
**March 22, 2022** following ordinary business practices.

24

☐    **BY OVERNIGHT DELIVERY**   On **March 22, 2022,** I placed the FedEx/GSO

25

package for overnight delivery in a box or location regularly maintained by FedEx/GSO at my
office, or I delivered the package to an authorized courier or driver authorized by FedEx/GSO to

26

receive documents.  The package was placed in a sealed envelope or package designated by
FedEx/GSO with delivery fees paid or provided for, addressed to the person(s) on whom it is to

27

be served at the address(es) shown above, as last given by that person on any document filed in
the cause; otherwise at that party's place of residence.

28

**PROOF OF SERVICE**

BN 68991518V1

1

☐     **BY PERSONAL DELIVERY**   On **March 22, 2022**, I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our messenger/courier service or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The package was placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown above as last given by that person on any document filed in the cause. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

2

3

4

5

6

☑     **BY EMAIL**   On **March 22, 2022**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

7

8

9

☑     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on **March 22, 2022,** at Irvine, California.

10

11

☑     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **March 22, 2022**, at Irvine, California.

12

13

14    Kathie Craig – *kcraig@buchalter.com*        _V. N. : C._

                                            (Signature)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

2
**PROOF OF SERVICE**

BN 68991518V1

# EXHIBIT C

EXHIBIT C PAGE 35

Superior Court San Joaquin



SEARCHES      CASES      SCHEDULING                                                                                      LOGO

Public : STK-CV-UPL-2022-0001113· ROA Summary

**CIVIL CASE**

Case Status

Civil Case

Civil Hearings

Document Mgmt

Judges

ROA

STK-CV-UPL-2022-0001113      Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi vs Tesla, Inc

## R O A   S U M M A R Y

Delaware Corporation, dba Tesla Motors, Ir

**C A S E   S T A T U S**      Pending - Feb 14, 20

SORT DATE ▸  ○ Ascending  ○ Descending

Advanced Search

1 - 9 of 9

| SEL ▸ ☐ | *DATE ▸ 02/14/2022 12:02 PM | CODE ▸ CI *JUDGE ▸ Lee, Jayne |
|---|---|---|
| | *TEXT ▸ | Case initiated. |
| | SEALED ▸ ☐ | MICROFILM NUMBER |
| | ACTION TYPE ▸ | |
| | DOCUMENTS ▸ | |
| | | ADD DOCUMENT |

| SEL ☐ | *DATE ▸ 02/14/2022 12:02 PM | CODE ▸ NOCASI *JUDGE ▸ Lee, Jayne |
|---|---|---|
| | *TEXT ▸ | Notice of Case Assignment and Scheduling Information. |
| | SEALED ▸ | MICROFILM NUMBER |
| | ACTION TYPE ▸ | |
| | DOCUMENTS ▸ | NOTICE OF CASE ASSIGNMENT SCHEDULING INFORMATION |
| | | ADD DOCUMENT |

| SEL ☐ | *DATE 02/14/2022 12:02 PM | CODE ACCTPMT *JUDGE Lee, Jayne |
|---|---|---|
| | *TEXT | Payment received by Personal Natalie P. Sare in the amount of $435.00. Receipt number 716691. |
| | SEALED | MICROFILM NUMBER |
| | ACTION TYPE | |

| SEL ☐ | *DATE 02/14/2022 12:02 PM | CODE FILE *JUDGE Lee, Jayne |
|---|---|---|
| | *TEXT | Civil Case Cover Sheet filed by Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi. |
| | SEALED | MICROFILM NUMBER |
| | ACTION TYPE | Civil Case Cover Sheet |
| | DOCUMENTS | CM010 CIVIL CASE COVER SHEET |
| | | ADD DOCUMENT |

| SEL ☐ | *DATE 02/14/2022 12:02 PM | CODE FILE *JUDGE Lee, Jayne |
|---|---|---|
| | *TEXT | Complaint Unlimited Civil (over $25,000) filed by Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi. |
| | SEALED | MICROFILM NUMBER |
| | ACTION TYPE | Complaint Unlimited Civil (over $25,000) |
| | DOCUMENTS | COMPLAINT |
| | | ADD DOCUMENT |

| SEL ☐ | *DATE 02/14/2022 12:02 PM | CODE SUMIS *JUDGE Lee, Jayne |
|---|---|---|
| | *TEXT | Summons issued and filed. |
| | SEALED | MICROFILM NUMBER |
| | ACTION TYPE | Summons - Civil |
| | DOCUMENTS | SUM100 SUMMONS CIVIL |
| | | ADD DOCUMENT |

| SEL ☐ | *DATE 02/14/2022 12:02 PM | CODE ATTORNEY RETAINED *JUDGE Lee, Jayne |
|---|---|---|
| | *TEXT | Attorney, Jonathan A. Michaels, retained for Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi . |
| | SEALED | MICROFILM NUMBER |
| | ACTION TYPE | |

EXHIBIT C PAGE 36

| SEL | ☐ | *DATE | 02/14/2022 12:04 PM | CODE | SHSET | *JUDGE | Lee, Jayne | |
|---|---|---|---|---|---|---|---|---|
| | | *TEXT | Hearing regarding: Case Management Conference , set for 08/12/2022 at 8:30 AM before Hon, Jayne Lee in Department 10C. | | | | | |
| | | SEALED | | | | MICROFILM NUMBER | | |
| | | ACTION TYPE | | | | | | |
| | | DOCUMENTS | | | | | | |
| | | | | | | | | ADD DOCUMENT |

| SEL | ☐ | *DATE | 03/01/2022 10:10 AM | CODE | POS | *JUDGE | Lee, Jayne | |
|---|---|---|---|---|---|---|---|---|
| | | *TEXT | Proof of Service of Summons as to Tesla, Inc. a Delaware Corporation, dba Tesla Motors, Inc. served on 02/25/2022 by Personal Service, $40,00, | | | | | |
| | | SEALED | | | | MICROFILM NUMBER | | |
| | | ACTION TYPE | | | | | | |
| | | DOCUMENTS | POS010 PROOF OF SERVICE OF SUMMONS | | | | | |
| | | | | | | | | ADD DOCUMENT |

1 - 9 of 9

[ LIST ]   [ REFRESH ]   [ CANCEL ]

EXHIBIT C PAGE 37

Superior Court San Joaquin



SEARCHES    CASES    SCHEDULING                                                          LOGO

Public : STK-CV-UPL-2022-0001113· Documents

**CIVIL CASE**

Case Status

Civil Case

Civil Hearings

Document Mgmt

Judges

ROA

**VIEW DOCUMENTS**

| | |
|---|---|
| FROM DATE | 00/00/0000 |
| TO DATE | 00/00/0000 |
| DOCUMENT TITLE TEXT | |

INCLUDE ASSOCIATED CASES DOCUMENTS ☐

[ RETRIEVE ]

1 - 5 o

Select: All, None

| SEL ☐ | DOCUMENT ID | 16878735 | VERIFIED ☐ | SEALED |
|---|---|---|---|---|

SCAN DATE  02/14/2022    *TITLE   Notice of Case Assignment / Scheduling Information
ROA   NOCAS:Notice of Case Assignment and Scheduling Information. on 02/14/2022 at 12:02 PM    VIEW

| SEL ☐ | DOCUMENT ID | 16878745 | VERIFIED ☐ | SEALED |
|---|---|---|---|---|

SCAN DATE  02/14/2022    *TITLE   Complaint
ROA   FILE:Complaint Unlimited Civil (over $25,000) filed by Natalie P, Sare, Personal Representativ    VIEW

| SEL ☐ | DOCUMENT ID | 16878747 | VERIFIED ☐ | SEALED |
|---|---|---|---|---|

SCAN DATE  02/14/2022    *TITLE   CM010 Civil Case Cover Sheet
ROA   FILE:Civil Case Cover Sheet filed by Natalie P, Sare, Personal Representative of the Estate of    VIEW

| SEL ☐ | DOCUMENT ID | 16878757 | VERIFIED ☐ | SEALED |
|---|---|---|---|---|

SCAN DATE  02/14/2022    *TITLE   SUM100 Summons - Civil
ROA   SUMIS:Summons issued and filed, on 02/14/2022 at 12:02 PM    VIEW

| SEL ☐ | DOCUMENT ID | 17034922 | VERIFIED ☐ | SEALED |
|---|---|---|---|---|

SCAN DATE  03/01/2022    *TITLE   POS010 Proof of Service of Summons
ROA   POS:Proof of Service of Summons as to Tesla, Inc. a Delaware Corporation, dba Tesla Motors    VIEW

Select: All, None

1 - 5 o

[ REFRESH ]    [ CANCEL ]

EXHIBIT C PAGE 38

# EXHIBIT D

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

**CIV-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* TELEPHONE NO.: (949) 581-6900 | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
Jonathan A. Michaels, SBN 180455 / Matthew Van Fleet, SBN 227338 /
Brent D. Rawlings, Esq. SBN 334159
MLG, APLC
600 Anton Blvd., Suite 1240
Costa Mesa, CA, 92626

ATTORNEY FOR *(name):*  Plaintiff Natalie P. Sare, Rep. of the Estate of Gary Pete Marchi

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS:  180 E. Weber Ave.
MAILING ADDRESS:  180 E. Weber Ave.
CITY AND ZIP CODE:  Stockton, 95202
BRANCH NAME:  Stockton Courthouse

PLAINTIFF: Plaintiff Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi
DEFENDANT: Tesla Inc., dba Tesla Motors, Inc.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: STK-CV-UPL-2022-0001113 |
|---|---|

To *(name of one defendant only):*  Tesla Inc., dba Tesla Motors, Inc.
Plaintiff *(name of one plaintiff only):*  Plaintiff Natalie P. Sare, Personal Representative of the Estate of Gary Pete Marchi
seeks damages in the above-entitled action, as follows:

1. **General damages**  AMOUNT
   a. [x] Pain, suffering, and inconvenience ................................................................ $  5,000,000.00
   b. [ ] Emotional distress. .................................................................................... $  _____
   c. [ ] Loss of consortium .................................................................................... $  _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ................... $  _____
   e. [ ] Other *(specify)* ....................................................................................... $  _____
   f. [ ] Other *(specify)* ....................................................................................... $  _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses *(to date)* ...................................................................... $  _____
   b. [ ] Future medical expenses *(present value)* .................................................. $  _____
   c. [ ] Loss of earnings *(to date)* ....................................................................... $  _____
   d. [x] Loss of future earning capacity *(present value)* ......................................... $  3,000,000.00
   e. [ ] Property damage ...................................................................................... $  _____
   f. [ ] Funeral expenses *(wrongful death actions only)* .......................................... $  _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ................ $  _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $  _____
   i. [ ] Other *(specify)* ....................................................................................... $  _____
   j. [ ] Other *(specify)* ....................................................................................... $  _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $  _____
   when pursuing a judgment in the suit filed against you.

Date:  March 15, 2022

Matthew Van Fleet, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
*www.courts.ca.gov*

CIV-050

| PLAINTIFF: Plaintiff Natalie P. Sare, Personal Representative of the Estate of Gary Pe | CASE NUMBER: |
|---|---|
| DEFENDANT: Tesla Inc., dba Tesla Motors, Inc. | STK-CV-UPL-2022-0001113 |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the

   a. ☐ Statement of Damages    ☐ Other   *(specify):*

   b. on *(name):*

   c. by serving  ☐ defendant   ☐ other   *(name and title or relationship to person served):*

   d. ☐ by delivery   ☐ at home   ☐ at business

      (1) date:

      (2) time:

      (3) address:

   e. ☐ by mailing

      (1) date:

      (2) place:

2. Manner of service *(check proper box):*

   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)

   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))

   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*

      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.

4. Fee for service: $

5. Person serving:

   a. ☐ California sheriff, marshal, or constable

   b. ☐ Registered California process server

   c. ☐ Employee or independent contractor of a registered California process server

   d. ☐ Not a registered California process server

   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

Page 2 of 2
Code of Civil Procedure §§ 425.11, 425.115

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form   Save this form   Clear this form

EXHIBIT D PAGE 41

Jonathan A. Michaels, Esq. – Bar No. 180455
(jmichaels@mlgaplc.com)
Matthew Van Fleet, Esq. – Bar No. 227338
(mvanfleet@mlgaplc.com)
Brent D. Rawlings, Esq. – Bar No. 334159
(brawlings@mlgaplc.com)
**MLG, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
Telephone: (949) 581-6900
Facsimile: (949) 581-6908

Attorneys for Plaintiff,
Natalie P. Sare, Personal Representative
of the Estate of Gary Pete Marchi

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI,<br><br>　　　　Plaintiff,<br>　vs.<br><br>TESLA, INC. a Delaware Corporation, dba TESLA MOTORS, INC. and DOES 1 to 25, inclusive,<br><br>　　　　Defendants.. | Case No.: STK-CV-UPL-2022-0001113<br><br>Assigned for All Purposes To:<br>Hon. Judge Jayne Lee<br>Dept.: 10C<br><br>**PROOF OF SERVICE**<br><br><u>UNLIMITED CIVIL ACTION</u><br><br>Complaint filed on:　February 14, 2022<br>Trial Date:　　　　 None Set |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 600 Anton Blvd., Suite 1240, Costa Mesa, CA 92626. On March 15, 2022, I served the foregoing document described as:

1) **PLAINTIFF'S FORM INTERROGATORIES - GENERAL, SET ONE TO DEFENDANT TESLA, INC DBA TESLA MOTORS, INC.;**
2) **PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE TO DEFENDANT TESLA, INC DBA TESLA MOTORS, INC.;**
3) **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT TESLA, INC DBA TESLA MOTORS, INC.; AND**
4) **STATEMENT OF DAMAGES.**

on the interested parties in this action by placing said document in a sealed envelope addressed as follows:

Michael A. Preciado, Esq.
Buchalter
18400 Von Karman Ave., Suite 800
Irvine, CA, 92612
mpreciado@buchalter.com
*Attorneys for Defendant Tesla Inc. dba Tesla Motors, Inc.*

  X   BY ELECTRONIC MAIL:  I caused the herein described document(s) to be served by electronic mail as a PDF attachment to the email address(es) listed herein, below, or listed in the attached Service List, pursuant to California *Code of Civil Procedure* Section 1010.6 and California *Rules of Court*, Rule 2.251. I did not receive a report of any error in sending the transmission.

  X    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under tha1t practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__ BY E-SERVICE: I am "readily familiar" with the firm's practice of e-serving opposing parties online at the time of filing with Superior Court via OneLegal.

  X   (STATE) I declare under penalty of perjury under the laws of the State of 1California that the foregoing is true and correct.

Executed on March 15, 2022, in Costa Mesa, California.

_____
Brian Petri